UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SUSAN WILSON COWAN** )<br>18125 Tyler Road )<br>Fiddletown, California 95629 )<br> )<br> )<br>             Plaintiff, )<br> )<br>**FEDERAL COMMUNICATIONS COMMISSION** )<br>45 L Street NE )<br>Washington, D.C. 20554 )<br> )<br>             Defendant. )<br>_____ ) | Civil Action<br>Docket No. _____<br><br>**COMPLAINT FOR**<br>**INJUNCTIVE RELIEF** |

1.      Susan Wilson Cowan, professionally know as Sue Wilson ("Sue Wilson" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, for injunctive and other appropriate relief to enforce her right to prompt disclosure of government agency records in the possession of the Federal Communications Commission ("FCC" or "Defendant").

**PARTIES**

2.      Sue Wilson is a freelance journalist.

3.      Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1391(e).

## FACTUAL ALLEGATIONS

6. On May 22, 2020, the Media Bureau of the Federal Communications Commission ("Commission" or "FCC") and Sinclair Broadcast Group, Inc. ("Sinclair"), entered into a Consent Decree.[1] The Consent Decree resolved, *inter alia,* the misrepresentation and real party-in-interest issues originally designated for hearing in Sinclair's proposed acquisition of stations owned by Tribune Media Company.[2] In resolving these issues the FCC relied on documents Sinclair provided the FCC, but which were never placed in the public record.

7. Sinclair filed a document(s) with the Commission on July 31, 2018, which filing was supplemented on May 2 or 3, 2019. On June 25, 2019, the Chief, Video Division, Media Bureau, issued a Letter of Inquiry. On July 11 or 12, 2019 Sinclair filed a response to the letter of inquiry and supplemented the response on August 6, 2019. These documents were referenced in the Consent Decree.

8. On October 28, 2020, Sue Wilson filed a FOIA request with the FCC, seeking disclosure of the documents Sinclair filed with the FCC, (as referenced in the Consent Decree).

---

[1] *In re Sinclair Broad. Grp., Order* and Consent Decree 2020 FCC LEXIS 1914 (F.C.C. May 22, 2020) (OCD).

[2] *Applications of Tribune Media Company (Transferor) and Sinclair Broadcast Group, Inc. (Transferee) for Transfer of Control of Tribune Media Company and Certain Subsidiaries, WDCD(TV) et al., Hearing Designation Order*, 33 FCC Rcd 6830 (2018) (*HDO*). Following the applicants' withdrawal of their applications, the Administrative Law Judge terminated the hearing, calling for the FCC to resolve the designated issues in a future hearing. *Applications of Tribune Media Company*, ALJ Order released March 5, 2019.

9. On November 9, 2020, the FCC granted Sue Wilson's request for expedited processing.

10. The FCC's response was due on November 27, 2020.

11. Despite Ms. Wilson's repeated pleas, the FCC took no action until January 11, 2021, when it asked Sinclair by email whether it objected to the release of any portion of the documents identified in paragraph 8 herein.

12. On January 21, 2021, Sinclair objected to the release of any portion of the requested documents, except for certain exhibits that are already in the public record. Ms. Wilson replied on February 1, 2021, disputing Sinclair's claim of confidentiality.

13. As of this date, the FCC has neither produced any documents, nor responded to the FOIA request.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act
### for Wrongful Withholding of Agency Records

14. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 13 above, inclusive.

15. Defendant has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limits for the processing of FOIA requests and administrative appeals 5 U.S.C. §552(a)(6)(A)(i)(ii) and (C)(i); and by failing to conduct a reasonable search for responsive records 5 U.S.C. §552(a)(3).

16. Plaintiff is entitled to an order requiring the immediate processing and release of the requested documents. 5 U.S.C. § 552(a)(4)(B).

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

    A.    Order Defendant to process immediately the requested records in their entirety and make copies available to Plaintiff;

    B.    Provide for expeditious proceedings in this action pursuant to 28 U.S.C. §1657(a);

    C.    Award Plaintiff its costs and reasonable attorneys fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

    D.    Grant such other relief as the Court may deem just and proper.

                                            Respectfully submitted

                              By:     /s/_____
                                        Arthur V. Belendiuk
                                        D.C. Bar No. 336768
                                        Smithwick & Belendiuk, P.C.
                                        5028 Wisconsin Avenue, N.W., #301
                                        Washington, D.C. 20016
                                        (202) 363-4559

DATED:  April 1, 2021